# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2079

_____

Bruce Charles Cohen, individually, as private attorney general, and on behalf of similarly situated individuals.

*Plaintiff - Appellant*

v.

Consilio, LLC; Consilio Services, LLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 12, 2025
Filed: October 6, 2025

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

KELLY, Circuit Judge.

Bruce Cohen brought this lawsuit alleging his employer, Consilio, LLC, failed to pay overtime wages to him and other similarly situated employees. The district court granted summary judgment to Consilio, and Cohen appeals. We affirm in part, and vacate and remand in part.

## I.

Consilio is a nationwide legal document review company with offices in Minnesota. Cohen began working for Consilio in 2018 as an hourly licensed attorney document reviewer. In July 2019, Consilio sent an email to Cohen and other Minnesota-based hourly licensed attorney document reviewers, explaining that it would be instituting a new premium overtime policy in August 2019. The new policy eliminated overtime premium pay and clarified that Cohen and his fellow employees would be paid "at [their] base pay rate" for all hours worked.

In August 2020, Cohen sued Consilio on behalf of himself and a putative class, alleging that Consilio failed to pay overtime wages owed to him and similarly situated employees. Cohen alleged that Consilio's actions violated the Minnesota Payment of Wages Act (MPWA), Minn. Stat. Ann. §§ 181.101, 181.171, subd. 1; Minnesota Fair Labor Standards Act (MFLSA), Minn. Stat. Ann. §§ 177.25, 177.27, subd. 8; and Minnesota Wage Theft Act (MWTA), Minn. Stat. Ann. §§ 181.032(f), (d)(4), 181.171, subd. 1, 177.27. As remedies, Cohen sought overtime pay, liquidated damages, statutory penalties, and injunctive relief.

Consilio paid Cohen and other Minnesota licensed attorney document reviewers $256,010.01 to cover the overtime wages and liquidated damages demanded pursuant to Cohen's MFLSA claim. As part of these payments, Cohen personally received $3,225.21 in overtime and $462 in liquidated damages. The parties also stipulated that Cohen had "been paid for all overtime wages he alleges he is owed in this lawsuit," and that "Cohen does not dispute that he has also been paid any liquidated damages to which he alleges he is entitled under the [MFLSA]." The parties could not agree on penalties. Cohen argued he was entitled to $172,080 in average daily wage penalties under the MPWA, $42,000 in penalties under the MFLSA, and $42,000 in penalties under the MWTA. Consilio argued the statutes did not permit Cohen to obtain penalties.

Following Consilio's payments, the parties stipulated "that the most expedient and efficient path forward [would be] for the Court to hear and decide Defendants' summary judgment motion on [the MPWA, MFLSA, and MWTA claims] before any further discovery or litigation." Cohen and Consilio "acknowledge[d] that, if the Court grant[ed] Defendants' summary judgment motion in full, no claims w[ould] remain and the case w[ould] be fully resolved."

The district court granted Consilio's motion for summary judgment on all three claims. Cohen appeals.[1]

II.

We review the district court's grant of summary judgment to Consilio de novo, "viewing the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Karlen v. Jones Lang LaSalle Americas, Inc., 766 F.3d 863, 866 (8th Cir. 2014) (quoting Petroski v. H & R Block Enters., LLC, 750 F.3d 976, 978 (8th Cir. 2014)). "Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Placzek v. Mayo Clinic, 18 F.4th 1010, 1014 (8th Cir. 2021) (quoting Green Plains Otter Tail, LLC v. Pro-Env't, Inc., 953 F.3d 541, 545 (8th Cir. 2020)).

A.

We first address Cohen's MPWA claim. The parties dispute whether Cohen may seek "average daily wage penalties" under §§ 181.171 and 181.101. Section 181.171 provides that "[a] person may bring a civil action seeking redress for

---

[1]In its summary judgment order, the district court did not determine the merits of Cohen's claims—that is, whether Consilio in fact violated the MPWA, the MFLSA, or the MWTA. However, at oral argument before this court, Consilio effectively conceded violations of the MPWA and MFLSA, representing that the issue of penalties was the only remaining dispute as to these claims.

violations" of certain provisions of the MPWA, including § 181.101, and that when an employer "is found to have violated" such a provision, it will be "liable for compensatory damages and other appropriate relief." Minn. Stat. Ann. § 181.171, subd. 1.[2] An employee may also recover civil penalties or damages, so long as they are "provided for in the section" of the MPWA that the employer allegedly violates. Id. ("An employer who is found to have violated the above sections is liable to the aggrieved party for the civil penalties or damages provided for in the section violated.").

Cohen alleges Consilio violated § 181.101 of the MPWA, and argues that "the plain language and unambiguous meaning of [§ 181.101]"[3] authorizes employees to seek average daily wage penalties. But § 181.101(a) only references the Commissioner regarding penalties. See Allan v. R.D. Offutt Co., 869 N.W.2d 31, 33 (Minn. 2015) ("When the language of a statute is plain and unambiguous, it is assumed to manifest legislative intent and must be given effect." (quoting Burkstrand v. Burkstrand, 632 N.W.2d 206, 210 (Minn. 2001))). Indeed, penalties are only available if the Commissioner first "serve[s] a demand for payment [of wages] on behalf of an employee." Minn. Stat. Ann. § 181.101(a). Thereafter, "if payment of wages is not made within ten days of service of the demand, *the commissioner* may charge and collect the wages earned . . . and a penalty." Id.

---

[2]Section 181.171 states: "A person may bring a civil action seeking redress for violations of section[] . . . 181.101 . . . directly to district court. . . . An employer who is found to have violated the above sections shall also be liable for compensatory damages and other appropriate relief including but not limited to injunctive relief." Minn. Stat. Ann. §181.171, subd. 1.

[3]Section 181.101(a) states: "If wages or commissions earned are not paid, the commissioner of labor and industry or the commissioner's representative may serve a demand for payment on behalf of an employee," and "if payment of wages is not made within ten days of service of the demand, the commissioner may charge and collect the wages . . . and a penalty in the amount of the employee's average daily earnings at the same rate or rates for each day beyond the ten-day limit following the demand." Minn. Stat. Ann. § 181.101(a); see also id. § 181.171, subd. 1.

(emphasis added). Furthermore, any "[m]oney collected *by the commissioner* must be paid to the employee concerned." Id. (emphasis added); see also Milner v. Farmers Ins. Exch., 748 N.W.2d 608, 617 (Minn. 2008). As to the employee, the statute reserves only the ability to "prosecut[e] a claim for wages." Minn. Stat. Ann. § 181.101(a) (providing "[t]his section does not prevent an employee from prosecuting a claim for wages" and "[t]his section provides a substantive right for employees to the payment of wages . . . as well as commissions, in addition to the right to be paid at certain times").

Notably, the Minnesota legislature, if it wished, knew how to empower an aggrieved employee with a statutory right to obtain penalties. See Minn. Stat. Ann. § 181.13(a) (explaining that upon a discharged employee's demand, such employee may recover unpaid wages or commissions as well as "may charge and collect a penalty"); id. § 181.14, subd. 2 (same for employees who quit or resign); see also Lagasse v. Horton, 982 N.W.2d 189, 199 n.2 (Minn. 2022) (explaining "that the Legislature's action in one statute but inaction in another shows that the Legislature 'knows how' to accomplish a particular objective if it wishes to do so" (citing In re Hubbard, 778 N.W.2d 313, 323 (Minn. 2010))).[4]

Because we conclude that only the Commissioner may seek daily average wage penalties under § 181.101, the district court did not err.[5]

---

[4]Cohen relies on Milner to say that employees may bring an action for penalties under § 181.101(a). But to the extent Milner analyzed the MPWA, the court simply observed that employees may enforce violations of § 181.101(a) and are also entitled to be paid the penalties "even when the Commissioner collects the money." 748 N.W.2d at 617.

[5]We are not alone in our conclusion. See Hull v. ConvergeOne, Inc., 570 F. Supp. 3d 681, 695 (D. Minn. 2021) (explaining that under § 181.101(a), "the ability to enforce a *penalty* is limited to the [Commissioner], with any collected funds going to the employee").

B.

As to his MFLSA claim, Cohen stipulated that Consilio has compensated him for all overtime wages and liquidated damages that he is owed under the MFLSA. Despite this stipulation, Cohen argues that he is also entitled to statutory penalties. The parties agree that any statutory penalties imposed—unlike overtime wages and liquidated damages—are payable to the Commissioner, not to Cohen.[6] At this stage of the proceedings, we have a serious concern regarding our jurisdiction to decide this issue.

Civil penalties, even if they are paid to the government, may "afford redress to citizen plaintiffs who are injured or threatened with injury as a consequence of ongoing unlawful conduct" because such penalties may "encourage defendants to discontinue current violations and deter them from committing future ones." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 186 (2000). But "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." Town of Chester v. Laroe Ests., Inc., 581 U.S. 433, 439 (2017) (quoting Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008)). And, as we have explained, "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)[.]" Sisney v. Kaemingk, 15 F.4th 1181, 1194 (8th Cir. 2021) (quoting Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 68 n.22 (1997)).

Cohen's claim for penalties "might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," Friends of the Earth, Inc., 528 U.S. at 189 (quoting United States v. Concentrated Phosphate Exp. Ass'n, 393 U.S. 199, 203 (1968)), although "[i]t is well settled that 'a defendant's voluntary cessation of a challenged practice does not

---

[6]Section 177.27 "grants private parties the right to seek the remedies available to the Commissioner under subdivision 7," including civil penalties. Milner, 748 N.W.2d at 616. Milner also clarified that such penalties are not payable to the employee under the statute—they are collected by the Commissioner. Id. at 618.

deprive a federal court of its power to determine the legality of the practice,'" id. (quoting City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)).

Prior to Consilio's motion for summary judgment, the parties agreed that Cohen had been paid all overtime wages and liquidated damages, but whether Consilio's violative overtime policy is still in place remains in dispute. If Consilio's policy remains, Cohen's claim for civil penalties may still be viable.[7] See id. at 186. However, if Consilio's policy is no longer in place and it is "absolutely clear" that its wrongful conduct will not recur, Cohen's MFLSA claim may in fact be moot. Id. at 189. And federal courts are not "license[d] to retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest[.]" Id. at 192. Accordingly, we vacate the district court's grant of summary judgment as to Cohen's MFLSA claim and remand for the district court to determine its jurisdiction.

C.

We next address Cohen's MWTA claim alleging that Consilio failed to provide statutorily required notice of a change in its overtime policy, and that as such he is entitled to penalties. Minn. Stat. Ann. § 181.032(f), (d)(4). Cohen complains that the district court "included little to no discussion of this claim." But Cohen stipulated that he received all pay Consilio owes him, and he points to no statutory authority allowing for civil penalties under this statute. With no meaningful argument in support of reversal, we will not disturb the district court's order dismissing this claim. See Milligan v. City of Red Oak, 230 F.3d 355, 360 (8th Cir.

---

[7]Cohen may have waived this argument by failing to develop and support it on appeal, in his opposition to summary judgment, or in his motion to amend or vacate the judgment. See InfoDeli, LLC v. W. Robidoux, Inc., 136 F.4th 792, 802 n.8 (8th Cir. 2025) (explaining that "fail[ure] to adequately develop an argument in support of alleged error amounts to abandonment" and that waiver arises where a party does not develop an argument in accordance with Federal Rule of Appellate Procedure 28(a)(9)(A)). But we nevertheless must first address our jurisdiction.

2000) ("[I]nasmuch as [defendant's] brief does not support his assertion with any argument or legal authority, he has waived the issue and we do not address it.").

## D.

As to Cohen's claim for injunctive relief, he argues only that he is entitled to "an affirmative injunctive order that Consilio rescind its illegal overtime policy." In his complaint, Cohen sought certain specific forms of injunctive relief, only to later change course and request different relief—withdrawing the 2019 policy—in his summary judgment briefing. And the district court—understandably—did not consider it. Thus, the issue is not properly before us. See InfoDeli, LLC, 136 F.4th at 801 n.6 (8th Cir. 2025) (explaining that "[n]ew claims are properly raised through amended complaints, not opposition briefs"); see also Fed. R. Civ. P. 15(a).

## III.

We vacate the district court's order regarding Cohen's claim under the MFLSA and remand for further proceedings. We otherwise affirm.[8]

KOBES, Circuit Judge, concurring specially.

I am not convinced that Cohen has standing to seek statutory penalties under *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167 (2000). Maybe he does, but there are differences between the penalties in that case and those available under the MFLSA. Neither party briefed the issue. But I

---

[8]Because we vacate the grant of summary judgment to Consilio in part, we also vacate the district court's ruling as to attorney's fees, costs, and prejudgment interest.

agree that Cohen's claim for MFLSA statutory penalties might be moot, so I concur with vacating the judgment and remanding the case. On remand, the district court may decide the mootness question first. *Id.* at 180.

—————————————————————